

**JARETT L. WARNER**
(212) 809-1669
jwarner@chartwelllaw.com

**Reply To: New York Office**
One Battery Park Plaza, Suite 710
New York, NY 10004
Phone: (212) 968-2300
Facsimile: (212) 968-2400

February 12, 2024

**Via ECF**
District Court Judge Katherine Polk Failla
United States District Court
Southern District of New York
40 Foley Square, Room 105
New York, New York 10007



        Re:    *Louise Salerno v. Whole Foods Market Group, Inc.*
                **Docket No.:**    23 Civ. 8198 (KPF)

Dear Judge Failla:

        We represent defendant Whole Foods Market Group, Inc. ("WFM") in the above-referenced matter. We write in response to plaintiff's correspondence requesting a conditional preclusion order concerning the production of WFM's surveillance of the accident and for attorneys' fees.

        WFM had difficulties with the production of the surveillance footage due to the program that WFM utilized and my office belatedly discovered that the surveillance in our possession does not depict the accident. This was an honest mistake as I believed that I had reviewed the surveillance before producing it, however, I had confused this matter with another unrelated case. There was no deliberate intention to misrepresent anything or to thwart the prosecution of this action.

        Notwithstanding, the correct surveillance was produced today by letter (**Exhibit A**). Nonetheless, and although plaintiff's request for conditional preclusion is moot, counsel refuses to withdraw his letter.

        For a complete understanding of the circumstances concerning the video production, a time line of the events should be examined:

- **October 19, 2023-** During a meet and confer call with plaintiff's counsel, the parties discussed that WFM would need a Stipulation of Confidentiality ("SOC") to produce its

surveillance, when they were completing the Civil Case Management Plan and Scheduling Order. This was reflected in item 20 of the Plan and Order that "Defendant's request for a confidentiality agreement regarding production of the surveillance video." No objection to a SOC was raised by counsel at that time.

- **October 23, 2023-** The Court issued the proposed Plan and Order (**ECF Docket No. 15**). The Order states that the parties are to produce their initial disclosures within fourteen days and Interrogatories were to be served by November 9, 2023. WFM had previously served its Interrogatories upon plaintiff on October 11, 2023. (**Exhibit B).**

- **November 8, 2023-** WFM served its initial disclosures, which referenced production of the surveillance video subject to a SOC.

- **November 20, 2023-** We e-mailed a proposed SOC to plaintiff's counsel, but counsel objected to one based on their First Amendment rights.

- **November 21, 2023-** The position taken by counsel necessitated a request for a pre-motion conference to discuss a motion for protective order (**ECF Docket No. 16**).

- **November 28, 2023-** The Court ordered that the parties meet and confer on a joint protective order concerning the production of the surveillance (**ECF Docket No. 18**).

- **December 5, 2023-** The parties submitted a proposed joint protective order, which the Court so-ordered on December 16, 2023 (**ECF Docket No. 20**).

- **December 8, 2023-** WFM sent a letter to plaintiff's counsel producing what was believed to be the surveillance footage (**Exhibit C**).

- **January 12, 2024-** Plaintiff's counsel e-mailed my office that he could not open the video.

- **January 29, 2024-** My office advised that we would send counsel a new link for the video.

- **January 30, 2024-** My office sent counsel a new link for the video with explicit instructions.

- **February 2, 2024-** Counsel requested information as to the time of the video that the accident occurred. In response, I e-mailed counsel with specific times on the video of the accident. This was based on my review of the claim notes from my claims professional. Again, I believed that I had reviewed the video, but had innocently confused this matter with another one.

- **February 5, 2024-** Counsel e-mailed that he could not view the video. Believing that I had previously viewed the video, I e-mailed counsel that we are trying the best we could and suggesting a virtual call so that we could play the video for him.

- **February 9, 2024-** I advised counsel that when I looked at the video, I realized that it does not depict the accident. This was an innocent mistake. I advised counsel that I had spoken to my

claims professional and should have the corrected video by Monday (February 12, 2024). Plaintiff's counsel agreed to wait until Monday for the video.

- **February 9, 2024-** Although he had agreed to wait until Monday before contacting the Court, after I spoke to him, at 3:29 p.m., counsel e-mailed me, "[p]lease Zelle me $1,250 at my cell number 917-653-2124 by 5:00 PM today."

- **February 10, 2024-** Instead of waiting until Monday as he had agreed to do, plaintiff's counsel filed a letter with the Court.

As can be seen from the timeline, the prosecution of this action has been thwarted by plaintiff's counsel. Although plaintiff was required to provide initial disclosures within fourteen days of the October 23, 2023 Plan and Order, plaintiff has still not done so. Although WFM served interrogatories three months ago on October 11, 2023, plaintiff has still not responded. Plaintiff is waiting to view the surveillance video to tailor her interrogatory responses. Furthermore, plaintiff's counsel fought our office on production of the surveillance video subject to a SOC, necessitating Court intervention. Once the video was produced, counsel waited more than a month (from December 8, 2023 to January 12, 2024) to contact us that they could not open the video.

Plaintiff's application should be denied because counsel has unclean hands and is acting in bad faith. Although when we spoke to him on Friday, February 9, 2024, that we should have the corrected surveillance video by today, he then demanded $1,250 in fees be sent to him by 5:00 p.m. Friday, and then filed his letter on Saturday, February 10, 2024. The unclean hands of plaintiff's counsel are also evident since he has not provided initial disclosures (due in November 2023) or responded to WFM's interrogatories (overdue by more than three months). This further establishes plaintiff's bad faith as he will not produce the discovery until he receives the video so he can tailor his responses accordingly. Plaintiff was present for the accident and does not need the surveillance to respond to discovery.

The attorneys' fees sought by plaintiff's counsel of $625 per hour are also not reasonable rates for this area of law. Presumably, counsel has a contingent fee arrangement with his client.

Accordingly, we respectfully request that plaintiff's application for a conditional preclusion order and costs be denied in its entirety.

Thank you for your time and consideration.

**CHARTWELL LAW**

By: *Jarett L. Warner*
Jarett L. Warner

cc: Matthew Haicken, Esq. (*via e-mail and ECF*)
Matthew@haickenlaw.com

Sandra Bonder, Esq. (*via e-mail and ECF*)
sandrabonder23@gmail.com

The Court is in receipt of the parties' discovery dispute letters regarding the surveillance camera footage.  (Dkt. #21, 22).

Following the submission of the parties' letters, the Court emailed the parties indicating that it viewed this matter as resolved and requesting Plaintiff promptly file a submission in reply if it disagreed.  Approximately one week has passed and Plaintiff has neither responded to the Court's email nor filed a submission in reply.

Accordingly, the Court DENIES Plaintiff's application as moot.

Further, the Court encourages the parties to meet and confer regarding any further disputes prior to raising them with the Court.

The Clerk of Court is directed to terminate the pending motion at docket number 21.

Dated:     February 21, 2024          SO ORDERED.
           New York, New York

                                      *Katherine Polk Failla*

                                      HON. KATHERINE POLK FAILLA
                                      UNITED STATES DISTRICT JUDGE